**NOT FOR PUBLICATION**

FILED

MAR 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYURA PRAMUAL, | No. 14-70538 |
| Petitioner, | |
| | Agency No. 098-266-285 |
| v. | |
| | MEMORANDUM[*] |
| JEFF B. SESSIONS, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2017
San Francisco, California

Before:  W. FLETCHER, FUENTES[**], and RAWLINSON, Circuit Judges.

Wayura Pramual, a citizen of Thailand, conceded her removability, but

argued that, as a victim of sex trafficking and spousal abuse, she should be granted

relief from removal.  She now petitions for review of two Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Julio M. Fuentes, Senior Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Appeals ("BIA") orders which, when taken together, denied her asylum application as untimely and denied on the merits her applications for withholding of removal, special-rule cancellation of removal under the Violence Against Women Act, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. Review of factual questions is for substantial evidence and review of questions of law is *de novo*. *Corpuz v. Holder*, 697 F.3d 807, 811 (9th Cir. 2012). We look to the BIA's reasoning except to the extent that the BIA adopted or incorporated the opinion of the Immigration Judge ("IJ"). *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). For the reasons that follow, we deny Pramual's petition.

1. Asylum. We have jurisdiction to reach whether the undisputed facts of this case show "extraordinary circumstances" relating to Pramual's untimely filing. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178–81 (9th Cir. 2008).[1] We find no error in the agency's determination that the circumstances here did not excuse the late filing of Pramual's asylum application, which was submitted approximately a decade after she entered the United States. A psychological report describes

---

[1] The government argues that we lack jurisdiction because the parties do not agree on the meaning of the psychological report. A disagreement over the inferences drawn from the record, however, need not render the underlying facts "disputed." Regardless, we remind the government of its responsibility to address the merits of the underlying claim, especially when the jurisdictional question is a close one. *See de Alvarez v. Holder*, 704 F.3d 730, 738 n.4 (9th Cir. 2012).

moderate depression and difficulty confronting the realities of her trafficking (and risks to her health and well-being), but it does not compel the conclusion that her condition impeded the ability to timely file.

2. Withholding of Removal. This record does not compel the finding that Pramual would more likely than not face persecution in Thailand on an enumerated ground. The IJ found no past persecution, and held that Pramual had not met her burden of independently showing a sufficient likelihood of future persecution. The IJ's discussion of the facts underpinning this claim was generally sensitive and thoughtful, and we do not find that the record compels a contrary outcome.

3. Special-Rule Cancellation of Removal. To the extent that Pramual claims that her treatment at the hands of her ex-husband met the definition of battery or extreme cruelty, *see Lopez-Birrueta v. Holder*, 633 F.3d 1211, 1215 (9th Cir. 2011), the IJ discussed the relevant record evidence and found that a) there had been no physical abuse and b) the emotional mistreatment did not rise to the level of extreme cruelty. Neither our case law nor any extant BIA decision renders this finding legally erroneous or unsupported by substantial evidence.

4. CAT. Although the parties said at argument that they were interested only in the propriety of the BIA's standard of review in reversing the IJ's decision—a question of law we review *de novo*, and which requires remand if the wrong standard of review materially affected the BIA's decision, *see Zumel v. Lynch*, 803

3

F.3d 463, 476 (9th Cir. 2015)—we will also reach the underlying merits for the sake of completeness. Some procedural background is also in order. The IJ granted Pramual's CAT application, relying on State Department and United Nations reports to find the existence of possible harm to victims of sex trafficking returning to Thailand. While Pramual's first petition for review was pending, we decided *Ridore v. Holder*, 696 F.3d 907 (9th Cir. 2012), which clarified the parts of a CAT determination that are "factual" (and are thus reviewed by the BIA for clear error) and which are "legal" (and are thus reviewed *de novo*). On unopposed motion by the government, we remanded to the BIA for further consideration in light of *Ridore*.

Pramual now challenges the BIA's decision as inconsistent with *Ridore*. We do not agree. The BIA discussed the evidence the IJ relied upon, but found the IJ's conclusion—that the record evidence met Pramual's burden to show a clear probability of torture in Thailand by or with the acquiescence of the government or a government official—to be clearly erroneous. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (setting out standard). In the BIA's view, the State Department and United Nations reports did not provide an adequate factual basis for granting CAT relief. The BIA's discussion was not conclusory, rote, or without explanation. *See Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). At oral argument, counsel for Pramual observed that much of the BIA's second

decision is similar to its first, but we never found the BIA's first decision to be defective under *Ridore*; rather, we remanded upon the request of the government, which did not concede (or ask us to find) error. Accordingly, we conclude both that the BIA applied the correct standard of review and that its ultimate decision to deny the CAT application is supported by substantial evidence.

**PETITION DENIED.**